[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON PLAINTIFF'S MOTION TO STRIKE
The complaint in this case alleges that the minor plaintiff, who brings this action through his mother and next friend, suffered injuries as the result of ingesting lead paint. The complaint further alleges that the several defendants owned dwellings in which the minor plaintiff lived at different times, and that each defendant committed violations of § 19a-111c of the General Statutes, which concerns the removal of lead paint from dwellings.
Two defendants, Michael and Eileen Sadlon, have alleged in their first special defense that the injuries alleged in the complaint were due to the plaintiffs' negligence in that, inter alia: ". . .the plaintiff Migdalia Almodovar failed to properly observe, control, protect and supervise her child insofar as the ingestion or eating of paint and other residues was concerned. . ."
Those same defendants have also asserted the following, which they have denominated their second special defense: "The allegations of count fourteen fail to state a claim for which relief may be granted."
The plaintiffs have moved to strike all special defenses. Because the excerpts quoted above are the only portions of the special defenses filed by the defendants Sadlon which have CT Page 14030 been briefed by the parties on the motion to strike, the court's discussion is limited to those matters.
First Special Defense
The plaintiffs argue that the quoted allegations of the first special defense should be stricken because they attempt to impute a parent's negligence to her child, in defiance of parental immunity. The defendants Sadlon respond that the first special defense does not seek a recovery against the parent/party, that those defendants simply want any recovery against them to be reduced in proportion to the fault of the parent/party and that their first special defense is an appropriate vehicle for achieving that end.
Whether a defendant can raise by special defense the negligence of a parent/party in order to require apportionment of liability has been determined in several Superior Court decisions issued since the adoption of comparative negligence. While there are decisions supporting each position, the court finds more persuasive those decisions which permit the alleged negligence of a parent/party to be considered for apportionment purposes only. Accordingly, the motion to strike the first special defense is denied.
Second Special Defense
In Scan Associates, Inc. dba v. Civitello Building Co.,Inc., 10 Conn. L. Rptr. No. 20, 646 (March 7, 1994) (Hodgson, J.), the defendant denominated the following allegation as a special defense, "The plaintiff's complaint does not state a cause of action upon which relief can be granted." In that case the plaintiff moved to strike the quoted special defense on the ground that the matter alleged did not set forth facts which would defeat the complaint for a reason other than the inaccuracy of (one or more) of its allegations. Citing RobertS. Weiss Associates v. Wiederlight, 208 Conn. 525, 535, n. 5 (1986), the Scan Associates court observed that a defendant's claim that a complaint fails to state a cause of action can be raised either by a motion to strike or by a special defense.
The court finds the Scan Associates analysis persuasive, and the motion to strike the second defense is denied.
Levine, J. CT Page 14031